**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SURINDER SINGH, | No. 06-74606 |
| Petitioner, | Agency No. A095-570-674 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Surinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Singh also seeks review of the IJ's finding that he filed a frivolous application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We review a determination that an applicant knowingly made a frivolous application for asylum for compliance with a procedural framework outlined by the BIA. *See Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based upon numerous omissions of and inconsistencies regarding important incidents, as well as Singh's admission that an event detailed in the declaration in support of his asylum application was false. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (the initial filing of a fraudulent asylum application, combined with the repetition of the fabricated narrative in the asylum interview and hearing before the IJ may justify an adverse credibility finding); *Kaur v. Gonzales*, 418 F.3d 1061, 1064-67 (9th Cir. 2005) (the retraction of an alleged incident of mistreatment included in an asylum application is not a minor discrepancy). Accordingly, in the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Because Singh's CAT claim is based on the same testimony found to be not credible, and Singh does not point to any other evidence that shows it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id*. at 1156-57.

Finally, Singh challenges the IJ's frivolousness finding by arguing that the IJ failed to consider his explanation that he was uneducated and on medication during his hearing. Contrary to this contention, the record reflects that the IJ addressed and rejected his explanations. *See Ahir*, 527 F.3d at 917 (stating the procedural requirements necessary to sustain a finding that a petitioner has filed a frivolous asylum application).

**PETITION FOR REVIEW DENIED.**